IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DOYLE W. FOSTER, | § | |
| MARTHA G. FOSTER, | § | |
| THOMAS K. NELSON, and | § | |
| CAROLYN C. NELSON, | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | Civil No. 1:06-CV-00818 |
| | § | |
| UNITED STATES OF AMERICA, | § | Judge Sam Sparks |
| | § | |
| Defendant. | § | |

## PLAINTIFFS' MOTION FOR RECONSIDERATION

THOMAS E. REDDING
Texas State Bar No. 16661300
SALLIE W. GLADNEY
Texas State Bar No. 00787546
Redding & Associates, P.C.
P.O. Box 924328
Houston, Texas 77292-4328
(713) 965-9244
(713) 621-5227 (Fax)
Service@ReddingTaxLaw.com
ATTORNEYS FOR PLAINTIFFS

# TABLE OF CONTENTS

1.  The §7422(h) Jurisdictional Bar. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    a.  On These Facts, the Order's Expansion of §7422(h)'s Jurisdictional Bar
        Directly Conflicts With §6230(c)(4). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    b.  The Order Overlooks that *Irvine* Mandates a Linear Analysis. . . . . . . . . . . . . . . . . . . . 5

    c.  The Order Conflates the Taxpayers' Arguments as to the Agreed Decisions
        with Their Arguments as to the Interlocutory Stipulations. . . . . . . . . . . . . . . . . . . . . . . 6

    d.  The Order Overlooks 50 Years of Controlling Precedent on the Burden of Proof. . . . . . . . . . . 7

    e.  The Order Misapprehends the Taxpayers' Waiver. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

2.  The §6230(c)(2)(A) Six-Month Filing Deadline. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

    a.  The Order Overlooks the Fifth Circuit's Controlling Precedent in *Irvine*. . . . . . . . . . . . . . . 8

    b.  The Order Overlooks that *Irvine*, not the Unpublished *Kercher*, Controls This Issue. . . . . . . 10

    c.  The Order Should be Amended to Correctly State §6230(c)(1)(A)'s Statutory Text. . . . . . . . . 12

    d.  There is No Such Thing as a "Computational Item". . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

3.  Amendment to and Clarification of Certain Portions of the Statutory Background. . . . . . . . . . . . 14

    a.  Taxpayers and the IRS Cannot Create or Deny Tax Court Jurisdiction by Agreement. . . . . . . 14

    b.  The Order Conflates the TMP's Authority to Administratively Settle Some
        Partnership Items Under §6224(c)(3) and the TMP's Authority to Agree to
        Entry of a Partnership-Level Decision Under Tax Court Rule 248(a). . . . . . . . . . . . . . . . . 15

    c.  Affected Items Cannot "Qualify as Computational Adjustments". . . . . . . . . . . . . . . . . . . . 16

    d.  The Order Conflates the Statutorily Defined "Computational Adjustment"
        and the Judicially Created Shorthand "Computational Affected Item". . . . . . . . . . . . . . . . . 17

4.  Additional Fact Findings and Clarification of Authority. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

5.  Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

## TABLE OF AUTHORITIES

**Cases**

*Badaracco v. C.I.R.*, 464 U.S. 386 (1984). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Blonien v. C.I.R.*, 118 T.C. 541 (2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Camacho v. Tex. Workforce Comm'n*, 445 F.3d 407 (5th Cir. 2006). . . . . . . . . . . . . . . . . . . . . . 11

*Duffie v. U.S.*, 600 F.3d 362 (5th Cir. 2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8-11, 15-17

*EEOC v. Bass Pro Outdoor World, LLC*, 826 F.3d 791 (5th Cir. 2016). . . . . . . . . . . . . . . . . . . . . 12

*Helvering v. NW Steel Rolling Mills, Inc.*, 311 U.S. 46 (1940). . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*In re Transtexas Gas Corp.*, 303 F.3d 571 (5th Cir. 2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Irvine v. U.S.*, 2012 U.S. Dist. LEXIS 60083 (S.D. Tex. 2012). . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Irvine v. U.S.*, 729 F.3d 455 (5th Cir. 2013). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1-5, 8-12

*Jacobs v. Nat'l Drug Intelligence Ctr.*, 548 F.3d 375 (5th Cir. 2008). . . . . . . . . . . . . . . . . . . . . . 11

*Kercher v. U.S.*, 539 Fed. Appx. 517 (5th Cir. 2013). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 10, 11

*Lewyt Corp. v. C.I.R.*, 349 U.S. 237 (1955). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Rodgers v. U.S.*, 843 F.3d 181 (5th Cir. 2016). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

*Sanford's Estate v. C.I.R.*, 308 U.S. 39 (1939). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Shepherd v. Int'l Paper Co.*, 372 F.3d 326 (5th Cir. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Tigers Eye Trading, LLC v. C.I.R.*, 138 T.C. 67 (2012) (*en banc*). . . . . . . . . . . . . . . . . . . . . . . . 14

*TRW Inc. v. Andrews*, 534 U.S. 19 (2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Weiner v. U.S.*, 389 F.3d 152 (5th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

**Statutes**

26 U.S.C. §6221.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

26 U.S.C. §6223.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

26 U.S.C. §6223(a).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

26 U.S.C. §6223(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

26 U.S.C. §6224(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15, 18, 19

26 U.S.C. §6224(c)(1).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

26 U.S.C. §6224(c)(2).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

26 U.S.C. §6224(c)(3).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15, 16

26 U.S.C. §6224(c)(3)(A). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

26 U.S.C. §6224(c)(3)(A)(ii). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

26 U.S.C. §6226(c).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

26 U.S.C. §6226(d). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

26 U.S.C. §6229.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2-5

26 U.S.C. §6229(a).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

26 U.S.C. §6229(c)(3).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

26 U.S.C. §6230.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

26 U.S.C. §6230(a).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 13, 17

26 U.S.C. §6230(c).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 8, 11, 13

26 U.S.C. §6230(c)(1)(A). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 12

26 U.S.C. §6230(c)(2)(A). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 8, 9, 12

26 U.S.C. §6230(c)(4).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1-5

26 U.S.C. §6230(d)(5). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

26 U.S.C. §6231(a)(6).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 17

26 U.S.C. §6231(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

26 U.S.C. §6501(a).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 7, 9, 11-13

26 U.S.C. §6621(c).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 5, 7-10

26 U.S.C. §7422(h). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1-5, 7

**Other Authority**

5TH CIR. R. 47.5.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

5TH CIR. R. 47.5.4.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

FRCP 52(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

FRCP 59. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

FRCP 59(e). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 8

Local Rule CV-7(c). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Local Rule CV-7(d)(3). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Tax Court Rule 248. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Tax Court Rule 248(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15, 16

Tax Court Rule 248(b)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Tax Court Rule 248(b)(1)(A). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Tax Court Rule 248(c). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Tax Court Rule 91(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Tax Court Rule 91(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Tax Court Rule 91(f). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Foster Motion for Reconsideration.wpd

Plaintiffs Doyle W. Foster, Martha G. Foster, Thomas K. Nelson, and Carolyn C. Nelson ("Taxpayers") respectfully request that the June 19, 2018 Order at Doc. 65 ("Order") granting the government's motion for summary judgment (Doc. 52) and denying the Taxpayers' motion for summary judgment (Doc. 54) and the Order of Dismissal (Doc. 67) be reconsidered, altered, and amended and that additional findings consistent with the record be made.[1]

The Order granted the government's motion on alternative grounds holding that **all** TEFRA partnership-related refunds claimed on the grounds of untimely assessment are subject to both 26 U.S.C. §7422(h)'s jurisdictional bar and §6230(c)(2)(A)'s six-month filing deadline. The Taxpayers respectfully request both holdings be reconsidered.

As to §7422(h), where, as here, limitations-related partnership items were previously determined by statute in the partners' favor at the partnership level, denying refund jurisdiction to enforce those prior determinations directly conflicts both (i) with §6230(c)(4)'s mandate that partnership item determinations made at the partnership level are conclusive, and (ii) with the Fifth Circuit's holding in *Irvine v. U.S.*, 729 F.3d 455, 463-64 (5th Cir. 2013), that partner-level courts have refund jurisdiction to determine whether a required partnership-item determination was previously made in a binding partnership-level proceeding because such prior determination is a jurisdictional fact.

As to the six-month filing deadline, the Order overlooked the Fifth Circuit's controlling authority in *Irvine*.

The Taxpayers also respectfully request (i) amendment of certain findings which are inconsistent with the evidence in the record and therefore clearly erroneous, and (ii) additional findings consistent with the record.

---

[1] FRCP 52(b) provides that upon a party's motion the court may amend its findings-or make additional findings-and may amend the judgment accordingly. Local Rule CV-7(c) and (d)(3) provide that a FRCP 59 motion for new trial is a dispositive motion with a page limit of 20 pages. Where there was no trial and the judgment was entered based on dispositive motions, motions for reconsideration are treated as FRCP 59(e) motions to alter or amend judgment if filed within 28 days of the judgment at issue. *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 327 n.1 (5th Cir. 2004). FRCP 59(e) authorizes reconsideration "to correct manifest errors of law or fact … ." *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002).

1

And the Taxpayers request clarification of certain passages so as to avoid confusion in any appeal.

1.   <u>The §7422(h) Jurisdictional Bar</u>

a.   **On These Facts, the Order's Expansion of §7422(h)'s Jurisdictional Bar**
     **Directly Conflicts With §6230(c)(4)**

The Order overlooks TEFRA's mandate that "**the treatment of partnership items on the partnership**

**return**, under the settlement, under the final partnership administrative adjustment, **or under the decision of**

**the court** (whichever is appropriate) **shall be conclusive**. …" §6230(c)(4), emphasis added.

The Taxpayers have consistently argued[2] that under §6230(c)(4) and applicable case law the AV2 and TFA

partnership returns for tax year 1984 were valid and conclusive when filed in 1985 to start the §6229(a)

partnership-item element of their §6501(a) assessment deadlines.[3] That is, the relevant §6229 elements were

previously determined by statute at the partnership level **in the partners' favor**. Those determinations could

---

[2]    Normally, a motion for reconsideration is not an appropriate forum to advocate for arguments previously briefed in the proceedings. However, a motion for reconsideration is a proper forum to bring to a court's attention controlling and determinative case law and statutes that a court's Order completely overlooked. For example, the *Irvine* district court first held that those partners' payments of §6621(c) "penalty" interest must be refunded. *Irvine v. U.S.*, 2012 U.S. Dist. LEXIS 60083 (S.D.Tex. 2012). The government then filed a motion for reconsideration citing no authority whatsoever and asserting that reconsideration should be granted solely because:

> 2.   This Court did not address at all in its Memorandum and Order the issue of whether the plaintiffs here had timely filed their claims for refund of §6621(c) interest … . **Unless, and until, this Court addresses the issue** of whether plaintiffs timely filed their claims for refund of §6621(c) interest in accordance with §6230(c) of the Code, **this litigation will not be final**.

(SDTX 08-2568, Doc. 43 p.2, emphasis added).

The district court granted reconsideration because "[t]he **failure to consider this argument** in the government's Motion [*sic*] Summary Judgment **renders the Court's** Memorandum and **Order proper for reconsideration** … ." (SDTX 08-2568, Doc. 45 p.1, emphasis added). The district court then reversed itself and granted summary judgment for the government based on that issue. (SDTX 08-2568, Doc. 43 p.2). That reversal was itself reversed on appeal. *Irvine*, 729 F.3d at 462-65. Reconsideration is proper where, as here, a court's order completely overlooks controlling law that is determinative of the relevant issues.

The Taxpayers request judicial notice of Doc. 43 and Doc. 45 in the record of *Irvine* before the Southern District of Texas at 4:08-cv-2568.

[3]    (Doc.54 p.19/31, pp.22-23/31 and fn.31; Doc.60 p.12/30 and fn.11, p.16/30; Doc.62 p.9/16 fn.8, p.10/16).

have been overturned by later partnership-level determinations **but they were not**. As to the AV2 and TFA Tax Court suits, the Taxpayers are bound only to the agreed decisions and not to any interlocutory stipulations as to suits involving other partnerships. The IRS agreed to language in the four corners of the agreed decisions that it knew or should have known could not alter those prior statutory determinations. (Docs. 51-20 and 51-21). Under §6230(c)(4), those prior statutory determinations remained conclusive. In fact, as the record proves, the IRS induced the Taxpayers to not oppose entry of the agreed decisions by judicially admitting that the agreed decisions were integrated and comprehensive and contained **all** of the partnership-item determinations that could have altered the prior statutory determinations. (Doc. 54-45 p.3 ¶¶8-9, pp.10-11 ¶2.b).

If §7422(h) bars jurisdiction for the Taxpayers to enforce those prior partnership-level statutory determinations, then those prior determinations are rendered inconclusive in violation of §6230(c)(4).[4]

In *Irvine* and *Rodgers*,[5] the Fifth Circuit carefully crafted its language to avoid undermining §6230(c)(4). It held that §7422(h) barred refund jurisdiction of those partners' limitations claims **because** the relevant §6229 partnership-item elements were **not** addressed in the partners' settlements and after settling they were not subject to any later partnership-level Tax Court litigation. Because those courts found that those elements were left inchoate, *i.e.*, unresolved, they held that §7422(h) barred partner-level jurisdiction because those partners' assessment deadlines could not be adjudicated without determining the inchoate §6229 elements in the first

---

[4]    The government has admitted that in a partner-level Tax Court deficiency suit partners can assert their limitations defenses and enforce the prior determination of their §6229 partnership-item elements. The Taxpayers ask for judicial notice of the government's judicial admissions in the sister case at *Rock v. U.S.* (WDTX 07-65). (*Rock* Doc. 59 p.16/18). See also the discussions in the case at bar at Doc. 54 pp.11-12/31 and fn.12 and p.19/31; Doc. 60 p.15/30 fn.22; Doc. 62 pp.7-8/16 and fn.6. However, the only partners who can go to the Tax Court are the few who get deficiency notices. The Order gives no rationale why the same prior partnership-level partnership-item determinations should be conclusive and enforceable for those few partners who get deficiency notices and inconclusive and unenforceable for all other partners who do not get deficiency notices and must pay first and claim refunds.

[5]    *Irvine*, 729 F.3d at 461-62; *Rodgers v. U.S.*, 843 F.3d 181, 190-92 (5th Cir. 2016). Although the Taxpayers contend that those holdings were wrong and not valid precedent because they are contrary to over 50 years precedent in this Circuit, this Court need not address that issue here, as the Taxpayers should prevail even under *Irvine* and *Rodgers*.

instance, which TEFRA forbade. §6221. The carefully crafted holdings of *Irvine* and *Rodgers* do not conflict with §6230(c)(4) because they are based on the fact findings in those cases that there were no §6229 partnership-item determinations finalized at the partnership level that could be conclusive.

*Expressio unis est exclusio alterius* (the expression of one thing is the exclusion of others). Had the Fifth Circuit intended §7422(h) to bar refund jurisdiction of **all** limitations-based claims, including those where the §6229 elements were previously determined with finality at the partnership level, it would have said so.[6]

The Taxpayers respectfully request reconsideration of the Order to address the impact of §6230(c)(4). To avoid confusion on appeal, if any, the Taxpayers also ask that a related finding as to the record be amended.

> The Order states:   "Plaintiffs [argue] there was no official partnership-level determination of the statute of limitations issue in either the AVII or the TFA lawsuit and Plaintiffs should not be bound to the lawsuits' agreed decisions. *See* Pls.' Mot. Summ. J. [#54] at 9-12."

(Doc. 65 p.14 and fn.9).

This is clearly erroneous and misstates the Taxpayers' arguments. The record reflects that, as discussed above, the Taxpayers consistently argued that all of their partnership items were resolved with finality either in the four corners of the AV2 and TFA decisions or as a matter of law under §6230(c)(4).[7] Similarly, the Taxpayers have **never** disputed that Tax Court Rule 251 binds them to the AV2 and TFA **agreed decisions**. They argued that those decisions bind **both** the Taxpayers **and** the government. (Docs. 62 p.10-11/16, 66 p.3/7). The Taxpayers respectfully ask that the Order be amended to reflect their arguments as evidenced by the record.

---

[6]   Extending §7422(h) past the limits crafted in *Irvine* and *Rodgers* also means the only prior determinations of limitations-related partnership items that can be enforced, *i.e.*, that are conclusive, are those that were determined in favor of the IRS, never those determined in favor of the partners. This Court now holds that where, as here, the §6229 elements were previously determined at the partnership level in favor of the partners, the government need merely reassert the same §6229 elements as if they had not been previously determined at the partnership level to trigger §7422(h)'s jurisdictional bar and render those prior determinations unenforceable and therefore inconclusive.

[7]   (Doc.54 p.22-23/31 and fn.31; Doc.60 p.24/30; Doc.62 p.9/16 fn.8, p.10/16).

**b.  The Order Overlooks that *Irvine* Mandates a Linear Analysis**

The Order states:   "Plaintiffs' analysis of how the statute of limitations applies to partner-level assessments is flawed. It **assumes** a linear analysis always applies … ."

(Doc. 65 p.13, emphasis added).

This is incorrect. *Irvine* **mandates** a linear analysis. In *Irvine*'s analysis as to penalty interest, the Fifth Circuit held that **whether** a partnership-item determination required for the IRS to validly assess was previously made at the partnership-level is a jurisdictional fact of which §7422(h) **cannot** bar jurisdiction.[8] In its analysis as to limitations, *Irvine* does not articulate this step. But it **was applied**, as evidenced by the fact that the Fifth Circuit **did determine** as a critical and determinative part of its analysis that §6229 was **not** previously resolved at the partnership level. *Id.* at 461-62. It then held that §7422(h) barred refund jurisdiction to determine that issue **in the first instance**. *Id.* Clearly §7422(h) did not bar jurisdiction to determine **whether** that limitations-based determination was previously made at the partnership level. *Irvine* mandates that a refund court first determine **whether** §6229 partnership-item elements were previously determined at the partnership level. If they were, then they are applied. If they were not, then §7422(h) bars jurisdiction of the partner's limitations-based claim. This is consistent with the Fifth Circuit's efforts, discussed above, to avoid conflicts with §6230(c)(4), which mandates that prior partnership-item determinations are conclusive.[9]

---

[8]   *Id.* at 463-64 ("the district court **does** have jurisdiction to determine whether such a [required partnership-item] finding has previously been made, either in the partnership-level proceedings or in a settlement. We thus find that §7422(h) does **not** bar jurisdiction over Taxpayers' claims that there was no [required partnership-item determination] supporting §6621(c) penalty interest." Emphasis added.).

[9]   Under the facts of this case, all relevant §6229-related determinations were previously made at the partnership level in the partners' favor. But even had they not been, the government has failed to prove any §6229-based exception, which it bears the burden to prove under 50-plus years of controlling Fifth Circuit precedent. See the discussion at Doc 54 p. 12/31 and fn. 14 and Doc. 60 p. 28/30 and fn. 39.

Foster Motion for Reconsideration.wpd

**c.  The Order Conflates the Taxpayers' Arguments as to the Agreed Decisions
with Their Arguments as to the Interlocutory Stipulations**

The Order states:    "Plaintiffs repeatedly argue a show cause order should have been issued in the AVII
and TFA lawsuits to bind them to the results in the partnership proceedings."

(Doc. 65 p. 14 fn. 9).

This is clearly erroneous. The record reflects that the Taxpayers have **never** disputed that Tax Court Rule 251 binds them to the AV2 and TFA **agreed decisions**. The Taxpayers have only ever argued that show cause orders were required to bind them to proceeding in the *Agri-Cal* **suit** via the TMP's **Interlocutory Stipulations**.[10] The authority for their argument is Tax Court Rules 91(a) and (b), not 91(f). Tax Court Rule 248 concerns entry of decisions; it is irrelevant to interlocutory stipulations. To avoid confusion on appeal, the Taxpayers request that the Order be amended to reflect their arguments as evidenced by the record.

The Order finds: "the parties in both the TFA and AVII Tax Court suits agreed" to be bound by the TMP's Interlocutory Stipulation to the Tax Court's opinion in *Agri-Cal*. (Doc. 65 p.8). On appeal, this finding will be challenged as clearly erroneous as a matter of law. The Taxpayers ask that the Order be amended to include the following additional findings which are undisputed and supported by the admissible evidence in the record:

- The AV2 and TFA Interlocutory Stipulations were signed only by the attorney for the TMP and the attorney for the IRS (Doc. 54-40 and Doc. 54-41);

- The Taxpayers did not sign the Interlocutory Stipulations (Doc. 54-40 and Doc. 54-41); and

- No show cause orders were ever sought or entered in the AV2 and TFA Tax Court suits binding the Taxpayers to the Interlocutory Stipulations (Doc. 54-5 and Doc. 54-6).

Finally, to assist the Fifth Circuit on appeal, the Taxpayers respectfully request that the Order be amended to identify the authority on which the Court relies for its assumption that the TMPs bound the Taxpayers to the Interlocutory Stipulations.

---

[10]    (Doc. 54 p.11/31, pp. 14-15/31, and p.24/31; Doc. 60  13-14/30 and fn.17, and p.29/30; Doc. 62 pp.13-14/16 and fn. 17).

**d.   The Order Overlooks 50 Years of Controlling Precedent on the Burden of Proof**

To circumvent the Taxpayers' §6501(a) rights to assessment deadlines, the government asserts that under §6229(c)(3) the AV2 and TFA 1984 partnership returns were not valid to start assessment periods. The Order overlooks 50 years of controlling Fifth Circuit and Tax Court precedent that places the burden on the government to prove any extension it relies on to extend a taxpayer's normal §6501(a) assessment period. (Doc. 54 p.12/31 and fn. 14; Doc. 60 p.28/30 and fn. 39). Here, that means that to trigger §7422(h) preclusion the government is required to prove that a §6229(c)(3) determination was previously made against the partners in a partnership-level proceeding binding on the Taxpayers, which it has failed to do. The Taxpayers specifically request that the Court address its rational for why that precedent is no longer controlling where, as here, there has been no *en banc* superceding case in the Fifth Circuit.

**e.   The Order Misapprehends the Taxpayers' Waiver**

The Order erroneously states:        "Plaintiffs also represent they are no longer pursuing the claim the IRS impermissibly assessed interest for tax year 1984."

(Doc. 65 p.10 fn.7).

The Taxpayers absolutely continue to pursue their claim that the IRS impermissibly assessed **all** interest (§6601(a) normal interest and §6621(c) "penalty" interest) for tax year 1984 because those assessments violated §6501(a). The Taxpayers waived **only** their alternative claims, including that they are due refunds on the grounds that the IRS improperly assessed "penalty" interest against them in violation of §6621(c). (Doc. 1 ¶14.D-F, H-I; ¶26.D-F, H-I; ¶29-39; Doc 54 p.9/31 fn.1). To avoid confusion if and when this case is remanded after appeal, the Taxpayers ask that the Order be amended to correct the record as to the nature and extent of their waiver.

**2.  The §6230(c)(2)(A) Six-Month Filing Deadline**

The Taxpayers ask that the Order's holding imposing the §6230(c)(2)(A) six-month filing deadline on the Taxpayers' claims be reconsidered and amended because it directly conflicts with the Fifth Circuit's controlling precedent in *Irvine*. (Doc. 65 pp.15-18).

**a.  The Order Overlooks the Fifth Circuit's Controlling Precedent in *Irvine***

The Fifth Circuit has addressed the draconian §6230(c)(2)(A) six-month deadline to file certain partnership-related refund claims only three times: *Duffie v. U.S.*, 600 F.3d 362, 384-86 (5th Cir. 2010); *Irvine*, at 464-65; and *Kercher v. U.S.*, 539 Fed. Appx. 517, 523 (5th Cir. 2013).

*Irvine* expressly clarified *Duffies*' §6230(c) analysis. *Irvine*, at 463-65. The Fifth Circuit then applied this clarified analysis in *Irvine* and *Kercher* to reach **different** holdings. *Irvine*, a published opinion, held that the six-month deadline **did not apply** when the partners claimed refunds on the ground that §6621(c) interest was improperly imposed as a matter of law, *i.e.*, **that it should not have been imposed at all**. *Id*. at 464-65. *Kercher*, an unpublished opinion, held that "[o]n these facts" the six-month deadline **did apply** to Kercher's claim filed on the grounds that the IRS failed to consider his amended return. *Id*. at 523. Given *Irvine*'s contrary holding, the Fifth Circuit could not and did not impose the six-month deadline on the portion of Kercher's refund claim based on the grounds that the liability should not have been imposed at all. The Fifth Circuit expressly stated that the six-month deadline was being imposed "[o]n these facts." *Kercher* is also reconcilable to the extent that failure to include the amended return in the IRS's calculations could reasonably be deemed an erroneous computation due to incomplete data and not a defense that the liability should not have been imposed at all.

In addressing whether the Taxpayers' claims were subject to the six-month deadline, the Order completely overlooks the Fifth Circuit's controlling authority in *Irvine*, at 462-465.[11] (Doc. 65 pp.15-18). FRCP 59(e)

---

[11]   See the discussions at Doc. 60 p.22/30 and Doc. 62 p. 14-15/16.

grants authority to reconsider and amend this type of manifest error of law.

> The Order holds:   "Where, as here, the refund claim asserts a computational adjustment **should not have been imposed at all**, the refund claim is still a claim the IRS erroneously computed additional tax liability under §6230(c)(1)(A)."

(Doc. 65 p. 16, emphasis added).[12]   In other words, the Order holds that the §6230(c)(2)(A) six-month filing deadline applies to **every** TEFRA partnership-related claim for refund **regardless** of the grounds asserted by the partner, *i.e.*, regardless of whether the partner claims a refund on the grounds that the IRS erroneously computed the liability or on the grounds that the assessment was invalid as a matter of law. The Fifth Circuit has already addressed and rejected that holding.

In *Duffie*, the Fifth Circuit held that the six-month filing deadline applies to claims for refund grounded on **one specific element** of §6621(c), *i.e.*, whether the taxpayer's underpayment was "substantial", *i.e.*, over $1,000.[13] §6621(c)(2). *Id*. at 386. In *Irvine*, the government argued, as the Order holds here, that *Duffie* should

---

[12]   To correct the record, the Taxpayers have never claimed in their refund claims or elsewhere that "a **computational adjustment** should not have been imposed at all." They have consistently asserted that the **assessments** of their computational adjustments should not have been imposed at all. The IRS **may or may not** assess a computational adjustment, depending on the individual partner's facts. The **computational adjustment** and the **assessment of that computational adjustment** are two different things subject to two different sets of legal requirements and restrictions. For instance, while there **is no** statute of limitations for the IRS to make a computational adjustment, there **is** a statute of limitations - §6501(a) - for the IRS to assess liabilities attributable to that computational adjustment. Where time has expired for the IRS to assess for the tax year of the FPAA, the IRS may still be able to assess liabilities attributable to that same computational adjustment **if** the liabilities arise in a different tax year where the assessment period is still open, *e.g.*, by reducing a net operating loss carryover. TEFRA is extremely technical and is a poster child for why tax statutes must be strictly construed.

Similarly, the Order erroneously finds: "On August 6, 2002, the IRS mailed the Fosters a Form 4549-A, indicating the Fosters' income tax return had been adjusted and they owed additional amounts." (Doc 65 p.9). This is incorrect. The Form 4549-A merely tells a taxpayer that this is the amount the IRS has calculated he **may** owe.  It also informs him that "if" he owes a liability he will be sent a bill.  No assessment has been made when the Form 4549-A is initially issued. In fact, it may still be revised by the IRS (as it was here with the Fosters (Doc. 65 p.9 fn.5)) or the actual assessment may be barred by limitations. A more accurate finding would be: "On August 6, 2002, the IRS mailed the Fosters a Form 4549-A, indicating the Fosters' income tax return had been adjusted and they **might owe** the additional amounts reflected on the Form 4549-A."  The difference between what a taxpayer owes and what he **might owe** is not mere semantics.

[13]   The underpayment amount is not an element of the Taxpayers' limitations-based claims at issue here.

be interpreted to impose the six-month filing deadline on every claim for refund involving a partnership subject to TEFRA regardless of the partner's grounds. The Fifth Circuit unambiguously rejected that interpretation. Instead, it explicitly clarified that in *Duffie* the six-month filing deadline applied **only** to the portion, if any, of the claim that sought refund on grounds challenging the $1,000 threshold element of §6621(c). *Id.* at 464-65. In *Irvine*, the partners did not challenge the §6621(c)(2) $1,000 threshold. Instead, they claimed refunds on the grounds that under §6621(c)(3) "penalty" interest **should not have been imposed at all**.[14] *Id.* at 463. The Fifth Circuit held: "Taxpayers claims are **not** governed by §6230. We hold that Taxpayers' claims for refund of penalty interest **were timely filed**." *Id.* at 465, emphasis added. On remand, the government agreed those Amcor-related partners were due refunds and paid them.[15] Under *Irvine*, the six-month filing period can **never** apply to refunds claimed because the assessments were invalid as a matter of law, *i.e.*, because the liability should not have been imposed at all.

The Order should be reconsidered and amended to apply the Fifth Circuit's controlling precedent in *Irvine* **or** to explain the rational for not doing so.

**b.   The Order Overlooks that *Irvine*, not the Unpublished *Kercher*, Controls This Issue**

The Order's reliance on *Kercher* is misplaced. (Doc. 65 pp.16-17). In the *Kercher* opinion itself, the Fifth Circuit was unambiguous:

> Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and **is not precedent except under the limited circumstances** set forth in 5TH CIR. R. 47.5.4.

---

[14]   The partners in *Irvine* relied, *inter alia*, on the Fifth Circuit's prior holding that IRS assessments of §6621(c) "penalty" interest against Amcor-related partners who settled their partnership items of Forms 870-P(AD) are invalid as a matter of law and payments of those erroneous assessments must be refunded. *Weiner v. U.S.*, 389 F.3d 152, 162-63 (5th Cir. 2004) ("the taxpayers' underpayments are not 'attributable to' a tax motivated transaction as a matter of law [and] the IRS may not assess the additional interest against them.").

[15]   Taxpayers request judicial notice of the Agreed Final Judgment (Doc. 59) and the Satisfaction of Judgment (Doc. 60) filed in the *Irvine* case (SDTX 08-2568) on remand.

Foster Motion for Reconsideration.wpd

*Kercher*, at 519 fn.\*, emphasis added. None of those limited circumstances apply here.[16] No unpublished opinion, no matter how persuasive, overrides a published Fifth Circuit opinion directly on point.[17]

Further, the Order misapprehends *Kercher*. At issue in *Kercher*, as relevant, was whether the §6230(c) six-month filing deadline applied to the refund Kercher claimed on the grounds that the IRS failed to address his missing amended return. *Kercher*, at 523. There was no specific statute mandating the IRS to review Kercher's amended return before assessing. That is, there was no substantive statutory right at issue. The Fifth Circuit applied the incorrect §6230(a) test to determine whether the §6230(c) six-month filing deadline applied. *Id*. Under that incorrect test, the Fifth Circuit held: "**On these facts**, we conclude that the adjustment was computational, rather than substantive, and thus the procedures of … §6230 govern the refund claim." *Id*., emphasis added. Here, the Taxpayers have a substantive §6501(a) statutory right to their assessment deadlines. Even under the incorrect §6230(a) test, the Taxpayers' claims are materially distinguishable from *Kercher*.

In the Fifth Circuit, *Irvine* and *Duffie*, as clarified by *Irvine*, are controlling authority on the issue of whether the six-month filing deadline applies to claims filed on the grounds that the assessment was invalid as a matter of law. Until it is overturned by the Fifth Circuit sitting *en banc*, *Irvine* controls.[18]

The Order should be reconsidered and amended to apply the Fifth Circuit's controlling precedent in *Irvine*. It is unlikely that a reasonable panel of the Fifth Circuit would follow *Kercher* over *Irvine*.

---

[16]   5TH CIR. R. 47.5.4. provides that "Unpublished opinions issued on or after January 1, 1996, are not precedent, except under the doctrine of res judicata, collateral estoppel or law of the case (or similarly to show double jeopardy, notice, sanctionable conduct, entitlement to attorney's fees, or the like)." Footnote omitted.

[17]   Further, even if *Kercher* were some form of authority it would not control here. It is well-settled that when there is a conflict between decisions within the Fifth Circuit, the earlier panel decision controls. *Camacho v. Tex. Workforce Comm'n*, 445 F.3d 407, 410 (5th Cir. 2006). *Irvine* was issued before *Kercher*.

[18]   *Jacobs v. Nat'l Drug Intelligence Ctr.*, 548 F.3d 375, 378 (5th Cir. 2008).

Foster Motion for Reconsideration.wpd

Finally, the Order incorrectly states:   "Plaintiffs assert their refund requests were 'due to violation of their substantive statutory rights to assessment deadlines' and thus the filing deadline of 26 U.S.C. §6501(a) applies."

(Doc. 65 p.16). It should say §6511(a).

**c.   The Order Should be Amended to Correctly State §6230(c)(1)(A)'s Statutory Text**

Technical tax statutes must be strictly construed.[19]

The Order states:   "a taxpayer must file a refund claim **for an erroneous computational adjustment** within six months after … . 26 U.S.C. §6230(c)(2)(A)."

(Doc. 65 p.15, emphasis added).

This incorrectly implies that §6230(c)(2)(A)'s statutory language mandates the six-month filing deadline apply to every claim involving an erroneous computational adjustment whether it was erroneous because it was erroneously computed or because it was erroneous as a matter of law which, as addressed above, is incorrect under *Irvine*.

Under §6230(c)(2)(A), the six-month filing period applies **only** to claims filed under §6230(c)(1)(A), which states, emphasis added: "A partner may file a claim for refund on the grounds that the Secretary **erroneously computed any computational adjustment** necessary … ."The Order's erroneous restatement impermissibly renders meaningless Congress's specific inclusion of the phrase "erroneously computed."[20]

The Order should be amended to reflect the actual language of §6230(c)(1)(A)'s statutory test.

---

[19]   *Lewyt Corp. v. C.I.R.*, 349 U.S. 237, 249 (1955) and *Helvering v. NW Steel Rolling Mills, Inc.*, 311 U.S. 46, 49 (1940).

[20]   Canons of statutory construction forbid courts to render any provision of a statute meaningless or superfluous. *EEOC v. Bass Pro Outdoor World, LLC*, 826 F.3d 791, 800 n. 49 (5th Cir. 2016) (noting the "longstanding canon of statutory construction that terms in a statute should not be considered so as to render any provision of that statute meaningless or superfluous") (citations and quotations omitted); see also *TRW Inc. v. Andrews*, 534 U.S. 19, 29 (2001) (declining to interpret statute in a way that would "in practical effect" render a provision "superfluous in all but the most unusual circumstances.").

Foster Motion for Reconsideration.wpd

**d.  There is No Such Thing as a "Computational Item"**

The Order incorrectly states that "the definition of a computational item is still applicable here." (Doc. 65 p.17). **There is NO definition** of "computational item" in TEFRA. The word "computational" appears in TEFRA **only** as part of the phrase "computational adjustment", which **is** a defined term: "the change in the tax liability of a partner which properly reflects the treatment under this subchapter of a partnership item." §6231(a)(6). Where Congress defines a term for tax purposes (here "computational adjustment"), that definition controls, even though without it courts might conclude differently.[21]

> The Order states:   "Plaintiffs do not contest that the additional tax liability assessed against them is appropriately classified as **computational items**. *See* Pls.' Resp. [#60] at 10-11."

(Doc. 65 p.17, emphasis added).

There is no such thing as a "computational item." Taxpayers actually asserted that "the Taxpayers are due refunds on the grounds that correctly computed **computational adjustments** were assessed untimely under §6501(a)."[22] (Doc. 60 p.11, emphasis added, emphasis in original omitted).

By stating, albeit erroneously, that Taxpayers do not contest their assessments were "appropriately classified as computational items" the Order implies that Taxpayers do not contest that their assessments were attributable to **computational affected items** (a judicially created shorthand for deficiencies "attributable to … affected items which require partner level determinations" for purposes of determining whether pre-assessment deficiency notices are required under §6230(a)). The record shows that this is clearly erroneous. The Taxpayers have consistently argued that they did **not** claim refunds on the grounds that their computational

---

[21]   *Sanford's Estate v. C.I.R.*, 308 U.S. 39, 48 (1939); *Badaracco v. C.I.R.*, 464 U.S. 386, 398 (1984).

[22]   The Taxpayers have **never** contested that their assessments involved computational adjustments. **Every** partnership-related assessment **ever made under TEFRA** involved a computational adjustment.

Foster Motion for Reconsideration.wpd

adjustments were erroneously computed,[23] and that, as the Tax Court holds,[24] determining whether the IRS can timely assess **always** requires at least one partner-level fact determination. (Doc. 60 pp.17-18/30, Doc. 62 p.14/16, and Doc. 66 p.5/7).

**3.   Amendment to and Clarification of Certain Portions of the Statutory Background**

**a.   Taxpayers and the IRS Cannot Create or Deny Tax Court Jurisdiction by Agreement**

The Order states on p.4:  "Regardless of who files it, if a partnership-level challenge is filed, each partner is deemed a party to the case and is bound by its outcome absent an agreement to the contrary."

This is incorrect. Section §6226(c) generally requires that all partners be treated as parties. However, §6226(d) mandates that §6226(c) "shall not apply" to partners having no interest in the proceedings because their assessment deadline has expired or because their partnership items have converted to nonpartnership item for any of the multitude of reasons in §6231(b), which includes settlement of the partner's partnership items. Nothing in §6226(d), or any other provision of the IRC, authorizes taxpayers and the IRS to deprive the Tax Court of existing jurisdiction simply by agreement.[25]

Taxpayers respectfully ask for amendment of this passage to clarify that parties to a Tax Court suit cannot simply agree to deprive the Tax Court of its existing statutory partnership-level jurisdiction over those parties.

---

[23]   Which is the correct §6230(c) test for imposing the six-month filing deadline.

[24]   *Blonien v. C.I.R.*, 118 T.C. 541, 558 (2002) ("[d]etermining whether the assessment of the deficiency is timely under the applicable statute of limitations requires a partner-level determination of the timeliness of respondent's assessment with respect to each partner in the partnership.").

[25]   *Tigers Eye Trading, LLC v. C.I.R.*, 138 T.C. 67, 75 (2012) (*en banc*) ("the Tax Court need not accept a party's concession on a question of law, particularly when to do so would strip the Court of its jurisdiction.");

**b.   The Order Conflates the TMP's Authority to Administratively Settle Some Partnership Items Under §6224(c)(3) and the TMP's Authority to Agree to Entry of a Partnership-Level Decision Under Tax Court Rule 248(a)**

The Order states on pp.4-5: "Partners and the IRS may reach an agreed decision in the Tax Court on partnership items in multiple ways. *See* TAX CT. R. 248. First, the TMP may enter into a settlement agreement with the IRS and certify that no party objects to the entry of decision; such a settlement, filed with the Court, binds all the parties.[3] TAX CT. R. 248(a).

> FN 3.   To bind 'non-notice' partners to a settlement agreement resolving partnership items, the TMP must expressly state in the agreement that it "shall bind the other partners." *Id.* (quoting *Duffie*, 600 F.3d at 367)."

This is incorrect. It conflates the TMP's authority under §6224(c)(3) to administratively settle partnership items and the TMP's authority under Tax Court Rule 248(a) to consent to entry of a partnership-level Tax Court decision.

The TMP and IRS can administratively settle partnership items any time before,[26] during, or after[27] a partnership-level suit. §6224(c)(3). If entered into while such suit is pending, there is no requirement to file such settlement with the court. Such settlement can never bind any §6223 notice partner without that partner's express written consent, even if filed with the court for some reason. §6223(a),(b), §6224(b), (c)(3)(A).

If a participating partner is bound to such settlement, then Tax Court Rule 248(c) requires that the IRS file a notice identifying that partner and informing the Tax Court that he is no longer a party to that proceeding. Whether such agreement is filed with the Tax Court for some reason has no impact on which partners it binds. A §6224(c)(3) administrative settlement is not required to include any statement by the TMP certifying that no party objects to entry of a decision. And it can bind non-notice partners only if it "expressly states that such agreement shall bind the other partners." §6224(c)(3)(A)(ii). This language is required only for §6224(c)(3)

---

[26]   If §6224(c)(3) settlement is entered into before a partnership-level suit is filed, then, as a practical matter and subject to the terms of that settlement, it is highly unlikely a partnership-level suit will ever be filed.

[27]   A §6224(c)(3) settlement entered into after a partnership-level suit concludes would be a very odd duck whose rabbit trail is not relevant here.

15

administrative settlements.

Tax Court Rule 248(a) provides that the TMP can stipulate and bind "all parties", notice and non-notice, to "entry of decision." No special language is required as to non-notice partners. But only if the stipulation for entry of decision is signed by the TMP and filed with the Court.

Neither §6224(c)(3) nor Tax Court Rule 248**(a)** are relevant to this refund suit. Taxpayers respectfully request that the Order be amended to avoid confusion.

Tax Court Rule 248**(b)** is relevant to this refund suit.

The Order states at p. 5: that under Tax Court Rule 248(b)(1) "the IRS may move for entry of a decision if (1) **all of the participating partners agree** or do not object and (2) … ."

Tax Court Rule 248(b)(1) states that the IRS

shall move for entry of decision, and shall submit a proposed form of decision with such motion, if … **all of the participating partners have entered into a settlement agreement or consistent agreement** with the Commissioner, or all of such partners do not object to the granting of the Commissioner's motion for entry of decision, and

Tax Court Rule 248(b)(1)(A), emphasis added.

Regardless of whether he is a participating partner or a non-participating partner, when any partner's partnership items are settled by either agreement under §6224(c)(1) or (c)(3) or consistent agreement under §6224(c)(2), he is no longer a party to the partnership-level suit and his agreement or objection to the partnership-level decision is irrelevant.

**c.   Affected Items Cannot "Qualify as Computational Adjustments"**

The Order states at p.5: Once adjustments to the partnership items become final, the IRS may begin partner-level proceedings to adjust the affected tax liability of the individual partners. *Woods*, 134 S .Ct. at 563. **Procedural next steps** depend on whether affected items qualify as computational adjustments or as substantive affected items. A computational adjustment merely requires a mechanical change in the tax liability of a partner to properly reflect adjustment of a partnership item. *Duffie*, 600 F.3d at 366. Such an adjustment can only be made at the conclusion of the partnership level proceeding and can be applied without any factual determination at the partner level. *Id.* By contrast, a substantive affected item "is dependent upon factual determinations (other than a computation) relating to an

> adjustment made at the partner level" and requires "fact-finding particular to the individual partner." *Id* at 366, 385. (quotation omitted).

(Doc. 65 p.5, emphasis added).

This is incorrect. The procedural next step is a computational adjustment. A computational adjustment may be attributable to either a partnership item or an affected item. And it may result either in an overpayment (rarely) or a deficiency (usually). If it results in an overpayment, then the IRS must refund that overpayment without the partner having to file a claim for refund. §6230(d)(5). If it results in a deficiency, then the IRS assesses that deficiency unless otherwise barred. If that deficiency was attributable to an affected item which required a partner-level determination, then the IRS must issue a deficiency notice before it assesses. If the deficiency was not so attributable (*i.e.*, if it was attributable to either a partnership item or to an affected item which did not require a partner-level determination), then the IRS may assess without first issuing a deficiency notice. §6230(a).

The Taxpayers respectfully request that this statement be amended.

### d.  The Order Conflates the Statutorily Defined "Computational Adjustment" and the Judicially Created Shorthand "Computational Affected Item"

> The Order states:    Where the affected item is substantive, the IRS is required to follow the deficiency procedures articulated in subchapter B of the Internal Revenue Code, which include mailing the partner a statutory notice of deficiency. 26 U.S.C. §6230(a)(2)(A)(i). But **where the affected items are only a computational adjustments**, deficiency procedures do not apply and the IRS is not required to issue a statutory notice of deficiency to the individual partner. *Duffie*, 600 F.3d at 385 (citing *Woody v. C.I.R.*, 95 T.C. 193, 202 (1990)). Instead, the IRS is merely required to mail the partner a notice of computational adjustment. *Id.*

(Doc. 65 pp.5-6, emphasis added).

This is incorrect. First, affected items and computational adjustments are two different things. A computational adjustment may be attributable to an affected item but an affected item can never itself be a computational adjustment. By definition, a §6231(a)(6) computational adjustment is the actual change in the partner's final "tax **liability**", while the issue of whether a deficiency notice is required before the IRS can

validly assess is determined only by whether determining an affected item required an additional partner-level determination. The Order appears to conflate the statutorily defined "computational adjustment" with the judicially created shorthand "computational affected item". Second, there is no requirement that the IRS mail any partner a notice of computational adjustment other than a bill.

The Taxpayers respectfully request that this statement be amended.

**4.   Additional Fact Findings and Clarification of Authority**

Taxpayers ask that the Court make the following additional fact findings, which are supported by the admissible evidence:

1. in 1991 the IRS moved for summary judgment on limitations in the AV2 and TFA partnership-level Tax Court suits. (Doc. 54-12).

2. on January 12, 1993, the Tax Court denied the IRS's motion for summary judgment on limitations in the AV2 and AVII partnership-level Tax Court suits (Doc. 54-20 p.2), holding, *inter alia*:

     [T]he Court concludes that there are at least two issues in these cases which involve genuine, and perhaps crucial, issues of material fact:

         (1) Whether American Agri-Corp. was a general partner of 13 limited partnerships [including AV2 and TFA] in January and February 1985, at the time Joseph O. Voyer signed the 1984 Forms 1065 of the limited partnerships; …

3. the AV2 and TFA Interlocutory Stipulations filed December 6, 1999, both begin by stating that the "petitioner and respondent stipulate the following matters … ." (Doc. 54-40 and Doc. 54-41).

4. the AV2 and TFA Interlocutory Stipulations were signed only by the attorney for the TMP and the attorney for the IRS. (Doc. 54-40 and Doc. 54-41).

5. the Taxpayers did not sign the Interlocutory Stipulations. (Doc. 54-40 and Doc. 54-41).

6. the AV2 and TFA Interlocutory Stipulations contain no representation that they bind any partner other than the TMP. (Doc. 54-40 and Doc. 54-41).

7. Taxpayers never filed with the IRS a signed, written §6224(b) waiver of their rights under §6226(c) to represent themselves in the AV2 and TFA suits, as applicable.

8. no show cause orders were ever sought or entered in the AV2 and TFA Tax Court suits binding the Taxpayers to the Interlocutory Stipulations (Doc. 54-5 and Doc. 54-6).

9. in its motion for entry of decision (Doc. 54-45 p.3), the IRS represented:

Foster Motion for Reconsideration.wpd

8.   The respondent and the [TMP] … reached contingent agreements with respect
to all of the disputed partnership items at issue in the [partnership-level suits]. The
portion of the contingency agreement that relates to the partnership items at issue in
these proceedings is reflected in the Decisions submitted herewith.

9.   All partners … deemed to be parties … upon entry of the Decision and that
Decision becoming final, will be bound to the determination of the partnership items
set forth therein … .

Finally, the Order found that in the interlocutory stipulations "the parties in both the TFA and AVII Tax

Court suits agreed … ." (Doc. 65 p.8). Given, as the undisputed evidence proves, that Taxpayers did not sign

the Interlocutory Stipulations and never filed a §6224(b) waiver, the Order is based on an assumption, without

explanation, that the TMP had authority to bind the Taxpayers to the Interlocutory Stipulations. The Taxpayers

respectfully request that the Order be amended to identify for the Fifthe Circuit the authority the Order relies

on for this assumption.

5.   **Conclusion**

For the reasons stated above, reconsideration should be granted, the Taxpayers' motion for summary

judgment (Doc. 54) should be granted, and the government's motion for summary judgment (Doc. 52) should

be denied. In the alternative, the Order (Doc. 65) and the Order of Dismissal (Doc. 67) should be amended and

reissued with the corrections addressed above in order to avoid unnecessary confusion on appeal.

WHEREFORE, Plaintiffs Doyle W. Foster, Martha G. Foster, Thomas K. Nelson, and Carolyn C. Nelson

respectfully request reconsideration and amendment of the Order issued June 19, 2018, at Doc. 65 and  and

the Order of Dismissal (Doc. 67) and additional findings.

Respectfully submitted,

  /s/ Thomas E. Redding
THOMAS E. REDDING
Texas State Bar No. 16661300
SALLIE W. GLADNEY
Texas State Bar No. 00787546
Redding & Associates, P.C.
P.O. Box 924328
Houston, Texas 77292-4328
(713) 965-9244
(713) 621-5227 (Fax)
Service@ReddingTaxLaw.com
ATTORNEYS FOR PLAINTIFFS

### CERTIFICATE OF SERVICE

I certify that service of the foregoing motion for reconsideration was made electronically upon filing, or if not made electronically, by mailing a copy to Defendant's counsel in a postage paid envelope, to Jon E. Fisher and Stephanie M. Page, Department of Justice, Tax Division, 717 N. Harwood, Suite 400, Dallas, Texas  75201.

  /s/ Thomas E. Redding
Thomas E. Redding

Foster Motion for Reconsideration.wpd